FILED
SEP 2 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

#30306-007

STEVEN JONES, ) Civil Action No._____
F.C.I.-GILMER Plaintiff, )
PMB 6000 )
GLENVILLE, WVA. 26351 ) COMPLAINT FOR DAMAGES
vs. ) (42 U.S.C. §1983)
 )
Police Officers JAMES RITTER, ) JURY TRIAL DEMANDED
STEVEN PRADE, M. BOLAND, )
Police Commissioner PATRICK ) Case: 1:07-cv-01674
RAMSEY, City of Washington, ) Assigned To : Robertson, James
D.C., sued individually and in ) Assign. Date : 09/21/2007
their official capacities, ) Description: PRO SE GEN. CIVIL
         Defendants. )

I.  INTRODUCTORY STATEMENT

1.  This is an action for damages sustained by a citizen of the United States against police officers of the 5th District Police Department located in Washington, D.C., who unlawfully beat, maced, and harassed the plaintiff while subdued on the ground.

2.  The action is against the Police Commissioner PATRICK RAMSEY as the supervisory officer responsible for the conduct of the defendant officers and for the Commissioner's failure to take corrective action with respect to police personnel whose vicious propensities were notorious, to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct, and against the City of Washington, D.C. as the employer of the police personnell, whick is sued as a person under 42 U.S.C. §1983.

RECEIVED
AUG 3 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

## II. JURISDICTION & VENUE

3. This action is brought pursuant to 42 U.S.C. §1983 and the Eight and Fourteenth Amendments to the United States Constitution.

4. This court has subject matter jurisdiction over the plaintiff's claims which violated his Federal Constitutional rights under 28 U.S.C. §1331 (a), §1343 (a) (3), (4).

5. This Court has supplemental jurisdiction over plaintiff's state law tort claims under 28 U.S.C. §1367.

6. This Court has appropriate venue over this action pursuant to 28 U.S.C. §1391 (b) (2) because the events giving rise to this claim occurred in Metro D.C.

## III. PARTIES

7. Plaintiff, Steven Jones is a resident of the City of Washington, D.C., and at all times relevant to the allegations of this complaint was a citizen of the United States. He is currently being detained in Federal prison here in Glenville, WV.

8. At all times relevant to this action, defendant **JAMES RITTER** was a police officer employed by the City of Washington, D.C. 5th District Police Department to perform said duties and was assigned to said station.

    a. At all times relevant, this defendant was acting as the agent, servant, and employee of defendant City of Washington, D.C.

    b. This defendant is sued individually and in his official capacity.

2.

9. At all times relevant to this action, defendant **STEVEN PRADE** was a police officer employed by the City of Washington, D.C. 5th District Police Department to perform said duties and was assigned to said station.

    a. At all times relevant, this defendant was acting as the agent, servant, and employee of defendant City of Washington, D.C.

    b. This defendant is sued individually and in his official capacity.

10. At all times relevant to this action, defendant **M. BOLAND** was a police officer employed by the City of Washington, D.C. 5th District Police Department to perform said duties and was assigned to said station.

    a. At all times relevant, this defendant was acting as the agent, servant, and employee of defendant City of Washington, D.C.

    b. This defendant is sued individually and in his official capacity.

11. At all times relevant to this action, defendant **PATRICK RAMSEY** was the duly appointed Commissioner of the City of Washington D.C. Police Department. In this capacity, the Commissioner was:

    a. The commanding officer of defendants James Ritter, Steven Prade, M. Boland and was responsible for their traning, supervision, and conduct.

    b. Responsible by law for enforcing the regaulations of the City of Washington D.C.'s Police Department and for ensuring that City police personnel obey the laws of said jurisdiction and of the United States.

c.  Acting as the agent, servant, and employee of the defendant City of Washington D.C.,. This defendant is sued individually and in his official capacity.

12.. The defendant City of Washington D.C. is a municipal corporation within the jurisdiction of Washington, District of Columbia and, at all relevant times, it employed the other defendants in this action.

13.  At all relevant times and in all their actions, the defendants were acting under color of law and pursuant to their authority as police personnel.

## V.  FACTUAL ALLEGATIONS

14.  On November 8, 2005, the Plaintiff Steven Jones was standing in the vicinity of the 800 Block of Taylor Street located in Northeast Washington, D.C.,. Driving an unmarked car and wearing plain clothing, the officers James Ritter, Steven Prade and M. Boland immediately abandoned their vehicle and pursued in the plaintiffs' direction without any verbal warnings that they were police personnel.

15.  Fearing that the officer's were regular street bandits, the plaintiff retrieved a small .38 caliber handgun from his waist and pointed it at the plain clothed officers who was unknown at the time.

16.  The plain clothed officer's then revealed that they were police personnel. The plaintiff knowing that he was in possession of an unlicensed firearm then ran from the officers, ashamed that he was led to committ a crime by pulling the gun out. The officers each pursued after plaintiff.

4.

17. The officers caught up with the plaintiff at the 900 Block of Taylor Street and he was brought down to the ground. The officers immediately retrieved the small caliber handgun from the plaintiff and then beat him ungodly in the street.

18. The defendants **JAMES RITTER, M. BOLAND, and STEVEN PRADE** each beat the plaintiff subdued down on the concrete and he was dragged, causing severe burn patterns and scaring to his skin, face, thighs, and he was soaked with mace which flamed the torn skin on his face, causing great pain within the blisters of open flesh caused by their actions.

19. The plaintiff contends that defendants repeatedly punched and kicked him in the ribs for a duration of about 2-3 minutes while he was subdued on the ground in a nonthreatening manner. The plaintiff contends that this incident was witnessed by on female named Lashawn Derek. Thereafter the beating, defendant police officers placed him in their police cruiser while handcuffed to the 5th District Police Station for processing.

20. Still in pain, approximately 3-4 hours later the plaintiff was immediately tooken to the Howard University Medical Center where he was treated for the injuries and lacerations to his face, arms, legs. In addition, he received water for his eyes caused by the mace sprayed on him without reason or just because he was in mere possession of a firearm without incident other than running away from authorities. Plaintiff contends that the defendants conduct was unlawful where he did not further resist arrest and laid on the ground.

21. During the assault, the plaintiff received multiple lacerations to his face and numerous bruises and abrasions to his right hand, right hip, right knee, which are still visible even to this date.

22. The actions of defendants, **RITTER**, **PRADE** and **BOLAND** in using physical force against the plaintiff without need or provocation constituted excessive use of force, assault and battery under the law in violation of the U.S. Constitution.

23. As a result of the misconduct described above and by defendants directly and indirectly, plaintiff experienced extreme humiliation, emotional distress, pain and suffering, and physical abuse.

24. The plaintiffs' physical injuries are permanent with visible scar tissue.

25. The abuse to which plaintiff was subjected was consistent with an institutionalize practice of the Police Department, which was known to and ratified by defendants, the Commission and the City of Washington, D.C.

26. Defendant Commissioner and City had prior notice of the vicious propensities of defendants and at no time taken any preventive action from police personnel from engaging in this type of misconduct.

27. Defendant Commissioner had prior notice of the plaintiff injuries, upon information and belief, but took no steps to train the officers, correct their abuse of authority, or to discourage their unlawful use of authority.

32. The Plaintiff was deprived of rights secured by the Constittution of the United States, including, but not limited to, the following:

    a. Eight Amendment right to be free from cruel and unusual punishment;

    b. Fifth and Fourteenth Amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police.

## STATE LAW THEORIES OF RECOVERY

33. The acts and conduct alleged herein constitute torts under the laws of the State of Washington, D.C., including the tort of:

    a. Negligence,

    b. Assault and battery,

    c. Abuse of process,

    d. Gross negligence.

## PRAYER

Plaintiff demands the following relief:

1. Compensatory damages in the amount of $75,000.00

2. Punitive damages in the amount of $25,000.00

3. An award of plaintiff's costs of suit.

4. Damage award to be ran jointly and severally against defendants for the physical and emotional injury resulting from the beating and unlawful macing of plaintiff.

Dated: 8/24/07

                                              Respectfully submitted,

                                              *Steven Jones*
                                              Mr. Steven Jones
                                              Reg. No. 30306-007
                                              P.O. Box 6000
                                              Glenville, WV 26351

## VERIFICATION

I, have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at FCI Gilmer, P.O. Box 6000, Glenville, WV on this 26 day of Aug, 2007.

*Steven Jones*
Steven Jones, Pro Se

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

07-1674
JR

### I (a) PLAINTIFFS
Steven Jones

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (PR)

### DEFENDANTS
James Ritter, et al.,

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

### (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
# 30306-007

Case: 1:07-cv-01674
Assigned To : Robertson, James
Assign. Date : 09/21/2007
Description: PRO SE GEN. CIVIL

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZEN
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A. Antitrust**
☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes:
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☒ F. Pro Se General Civil**

| Real Property | Bankruptcy | Forfeiture/Penalty | |
|---|---|---|---|
| ☐ 210 Land Condemnation | ☐ 422 Appeal 28 USC 158 | ☐ 610 Agriculture | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 220 Foreclosure | ☐ 423 Withdrawal 28 USC 157 | ☐ 620 Other Food &Drug | |
| ☐ 230 Rent, Lease & Ejectment | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 480 Consumer Credit |
| ☐ 240 Torts to Land | Prisoner Petitions | | ☐ 490 Cable/Satellite TV |
| ☐ 245 Tort Product Liability | ☐ 535 Death Penalty | ☐ 630 Liquor Laws | ☐ 810 Selective Service |
| ☐ 290 All Other Real Property | ☐ 540 Mandamus & Other | ☐ 640 RR & Truck | ☐ 850 Securities/Commodities/ Exchange |
| | ☒ 550 Civil Rights | ☐ 650 Airline Regs | |
| Personal Property | ☐ 555 Prison Condition | ☐ 660 Occupational Safety/Health | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 370 Other Fraud | | | |
| ☐ 371 Truth in Lending | Property Rights | ☐ 690 Other | ☐ 900 Appeal of fee determination under equal access to Justice |
| ☐ 380 Other Personal Property Damage | ☐ 820 Copyrights | | |
| ☐ 385 Property Damage Product Liability | ☐ 830 Patent | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 840 Trademark | Other Statutes | |
| | | ☐ 400 State Reapportionment | ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |
| | Federal Tax Suits | ☐ 430 Banks & Banking | |
| | ☐ 870 Taxes (US plaintiff or defendant | ☐ 450 Commerce/ICC Rates/etc. | |
| | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 460 Deportation | |

O

| ☐ **G.** *Habeas Corpus/ 2255* <br>☐ 530 Habeas Corpus-General <br>☐ 510 Motion/Vacate Sentence | ☐ **H.** *Employment Discrimination* <br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br>*(If pro se, select this deck)* | ☐ **I.** *FOIA/PRIVACY ACT* <br>☐ 895 Freedom of Information Act <br>☐ 890 Other Statutory Actions (if Privacy Act) <br><br>*(If pro se, select this deck)* | ☐ **J.** *Student Loan* <br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ **K.** *Labor/ERISA (non-employment)* <br>☐ 710 Fair Labor Standards Act <br>☐ 720 Labor/Mgmt. Relations <br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br>☐ 740 Labor Railway Act <br>☐ 790 Other Labor Litigation <br>☐ 791 Empl. Ret. Inc. Security Act | ☐ **L.** *Other Civil Rights (non-employment)* <br>☐ 441 Voting (if not Voting Rights Act) <br>☐ 443 Housing/Accommodations <br>☐ 444 Welfare <br>☐ 440 Other Civil Rights <br>☐ 445 American w/Disabilities-Employment <br>☐ 446 Americans w/Disabilities-Other | ☐ **M.** *Contract* <br>☐ 110 Insurance <br>☐ 120 Marine <br>☐ 130 Miller Act <br>☐ 140 Negotiable Instrument <br>☐ 150 Recovery of Overpayment & Enforcement of Judgment <br>☐ 153 Recovery of Overpayment of Veteran's Benefits <br>☐ 160 Stockholder's Suits <br>☐ 190 Other Contracts <br>☐ 195 Contract Product Liability <br>☐ 196 Franchise | ☐ **N.** *Three-Judge Court* <br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  DEMAND $ 100,000  Check YES only if demanded in complaint  JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☒ NO If yes, please complete related case form.

DATE 9/21/07  SIGNATURE OF ATTORNEY OF RECORD  NCD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.