IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

NOV 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

STEVEN JONES,               )
            Plaintiff,      )        Case No. 07-1674
                            )
    v.                      )        JUDGE ROBERTSON
                            )
                            )        <u>**REPLY OF PLAINTIFF IN OPPOSITION**</u>
JAMES RITTER et. al.,       )        <u>**TO DEFENDANTS MOTION TO DISMISS**</u>
            Defendants.     )

This Court should deny defendant's Motion to Dismiss because it is deficient as a matter of law where it lacks a certificate of service. Fed.R.Civ.P 5. This Court should also deny defendant's Motion to Dismiss because plaintiff's complaint contains factual allegations that his injuries were the result of defendant's deficiency in training which actually caused the officer's indifference to plaintiff's constitutional rights as founded under the Fourth Amendment. In addition, plaintiff's claims of assault and battery falls within the tolling provisions of D.C. Code §12-302 (a), where the time limitations doesn't run until his disability is removed (e.g. when he is released from prison).

A. <u>**MOTION TO DISMISS**</u>

In considering a motion to dismiss for failure to state a claim, the Court must rely on the complaint and any written instruments attached to it. See <u>Amphion, Inc. v. Buckeye Elec. Co.</u>, 285 F.Supp.2d 943, 948 (E.D. Mich. 2003). In <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972), the Supreme Court stated that a complaint "should not be

complaint filed against him.  See (Complaint, Page 3, ¶11 and Page 4, ¶12-13).  See also., (Complaint, Page 6, ¶25-27).

A complaint sufficiently states a cause of action in demonstrating a failure to train in a particular area where there was a manifest need for such training.  See <u>Gross v. District of Columbia</u>, 734 A.2d at Fn.15 (D.C. Cir. 1999).  In the instant case, defendant Chief Ramsey was responsible for the defendants training and to maintain such training of the defendants operating under his supervision.  Under D.C. Law, he was required to instruct <u>all</u> officer's under his watch to use the least amount of force possible in subduing an arrestee.  See e.g., D.C. Code §207.1.  Since a suit against Chief Ramsey was sufficient, the Supeme Court explained:

> "Personal Capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law.  Official-capacity suits, in contrast, "generally represents only another way of pleading an action against an entity of which an officer is an agent."

(citations omitted) (quoting <u>Monell v. NYC Dept of Social Services</u>, 436 U.S. 658, 690, 56 L.Ed.2d 611 (1978).  When dealing with claims involving a failure to train, courts have recognized the appropriateness and importance of expert testimony in §1983 cases, particularly those claiming a failure to train.  See <u>Fulwood v. Porter</u>, 639 A.2d at 601-02 (D.C. Cir. 1984).  Expert testimony is required, in the instant case, when the [s]ubject presented is "so distinctly related to some science, profession, business, or occupation as to be beyond the average layman." <u>District of Columbia v. White</u>, 442 A.2d 159, 164 (D.C. Cir. 1981).

Therefore, plaintiff has demonstrated a proper claim against Chief Ramsey because the injuries he sustained would have been avoided had the defendant's been trained under a program that was not deficient. In sum, expert testimony is needed to govern an appropriate and fair response of the defendant's occupation, to which plaintiff has limited knowledge.

**II.  Plaintiff's Claims of Assault and Battery Requires Tolling Because He Has Been Incarcerated Since the Incident Where Officer's Beat Him Excessively.**

Defendant's complained that plaintiff's claims of assault and battery is barred pursuant to the one-year provisions provided under D.C. Code §12-301 (4). Under D.C. Code §12-301 (4), it sets a one-year limit on the time within which a plaintiff may file a civil action for assault and battery, but under D.C. Code §12-301 (8), it states that the time for filing suit based on a cause of action "for which a limitation is not otherwise specifically prescribed," which includes most **negligence** claims, "is three-years." Defendant's claims are without merit, because under §12-301 (8) the applicable statutory limitations governing this action is 3-years, and the complaint was filed within these appropriate time limitations following the date after he was injured. Negligence is appropriately founded under D.C. Code §4-176 in this matter. See <u>District of Columbia v. White</u>, 442 A.2d at 163 (D.C. Cir. 1981) ("In addition, evidence of the detectives violation of the **District of Columbia statutory provision**, which makes use of excessive force by an officer criminal, constituted further evidence of **negligence**") (emphasis in original).

4.

In addition, defendant's claim fails because under
D.C. Code §12-302 (a), plaintiff falls within the tolling provisions
of the law governing his claim of assault and battery.  Under
§12-302 (a), which is applicable in this case, provides in part,
that if "a person entitled to maintain an action "is imprisoned
at the time the right of action accrues, he or she "may bring
action within the time limited after the [disability] is removed."
i.e., after being released from [imprisonment].  See District
of Columbia v. Tinker, 691 A.2d 57, 62 (D.C. Cir. 1995).  In
Sum, defendant's claim ultimately fails and the district court
should rule in plaintiff's favor to sustain his assault and battery
issue, which requires tolling from the one-year time limitations
because of the disability presently at issue.

### III.    Plaintiff's Abuse of Process Claim Should Be Sustained Where He was Extorted to Commit a Crime.

Plaintiff contends that he was extorted to commit a crime
he otherwise wouldn't have committed.  Specifically, defendant's
had went terror on the public when they immediately abandoned their
vehicle without verbally saying they were officer's, which in turn
caused plaintiff to fear for his life and to retrieve a small caliber
firearm for protection.  Once the officer's correctly identified
that they were, indeed officials, plaintiff merely tried to get
away from the officer's, who had now established probable cause to
arrest from the gun, which is another crime.for running which is
undisputed.  However, abuse of process claims are founded under
some form of extortion.  See Scott v. District of Columbia, 322
U.S. App. D.C. 75 (D.C. Cir. 1996).  Plaintiff would not have
committed a crime hadn't officer's in this matter not extorted him

to commit a crime.

Plaintiff states that he never would have pointed a firearm at officer's, had they properly identified themselves as required by law. Plaintiff states that the officer's placed him in a passion of fear, which had extorted him to commit an unlicensed gun violation. Otherwise, defendant's had lacked probable cause to arrest in this matter. In Sum, the officer's conduct in this matter amounts to extortion, which led plaintiff to committ a crime he otherwise would not have committed, and defendants abused the process.

### IV. Plaintiff Has Adequately Stated a Claim for Negligence and/or Gross Negligence

The Legal Standard to be applied in cases where a police officer has used deadly force against against a fleeing felony suspect is one of reasonableness under the Fourth Amendment. See Tennesseee v. Garner, 471 U.S. 1, 85 L.Ed.2d 1 (1985) and Finnegan v. Fountam, 915 F.2d 817, 823 (2d Cir. 1990); Graham v. Connor, 490 U.S. 386, 397, 104 L.Ed.2d 443 (1989) ("An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional").

In the instant case, plaintiff was severly beaten by defendant's until his head was swollen and balloned beyond recognition. (See, Photographs, attached as Exhibit A). After plaintiff was subdued and his gun effectively removed by defendants,

6.

was subjected to multiple punches in his face.

In addition, the plaintiff was maced all within his wombs and kicked by officer's in such a highly unreasonable and aggressive manner.  The defendant's knew or should have known that their actions amounted to negligence and a violation of D.C. Code §5-123.02, which provides, in pertinent part:

> "Any Officer who uses unnecessary and wanton severity in arresting or imprisoing any person **shall** be deemed guilty of assault and battery, and, upon conviction, punished therefor."

(emphasis in original).  Here, officer's tackled plaintiff from behind as he attempted to run with his unlicensed firearm.  Plaintiff made no attempt to shoot at defendants while running and allowed them to retrieve the gun, but the next part which happened in this matter is whats unreasonable and which amounts to negligence.  Officer Ritter then punched the plaintiff in his face approximately 10-15 times, causing gashes and torn layers of skin until he was bleeding, while officer Prade excessively kicked plaintiff all over his body.  Officer Boland, another defendant, then sprayed plaintiff with mace, as he succumbed to his wombs.  The plaintiff was assaulted in this manner until multiple people came from out their dwellings and asked of the officer's why they were assaulting plaintiff the way they was.  Upon information and belief, this was witnessed by LeAnne Huff, LaShaun Derek, Tyrone Hammonds, and one Olink Kobarie.  Negligence in this matter is founded under D.C. Code §5-123.02.  See White, 442 A.2d at 163 (D.C. Cir. 1981).

7.

The defendants actions in this matter further constituted assault within the meaing of D.C. Code §22-504 and the Commissioner Chief Ramsey, knew or should have known plaintiff was severely beaten by the photos. The deficiency in training in this matter further subjects the District to liability under the doctrine of respondeat superior. See <u>District of Columbia v. Evans</u>, 644 A.2d 1008 (D.C. Cir. 1994); <u>White</u>, 442 A.2d at 163 (D.C. Cir. 1981) ("evidence of detectives violation of D.C. Code provision, which makes excessive force by an officer **criminal**, constituted further evidence of negligence"). Therefore, plaintiff's claim of negligence should be upheld.

## V.  PLAINTIFFS EIGHT AMENDMENT CLAIM

The Plaintiff states a cognizable claim under the eight amendment. The Eight-Amendment prevents the infliction of cruel and unusual conduct and simimilar unusual punishments employed by defendants in this case. The eight-amendment is not limited to mere prison claims of assaults. Rather, physical or mental pain applies under the Eight Amendment regardless of intent or purpose of those who inflict it. Spain v. Procunier, 600 F.2d 189 (9th Cir. 1979). The term "punishments," as used in the Eight Amendment, has been held by the Supreme Court to include society's evolving standards of decency in law enforcement and when some of the defendant's beat and maced plaintiff without reason when they already retrieved an unlicensed gun, this type of punishment is unacceptable to society, and thus, violates the Eight Amendment.

8.

## VI.  DUE PROCESS OF LAW

The plaintiff agrees with the defendants that the

appropriate analysis of his claims falls under the Fourth Amendment.

1

## VII.  PLAINTIFF CLAIMS OF EXESSIVE USE OF FORCE, ASSAULT AND BATTERY, ARE PROPERLY WITHIN THE SCOPE OF THE FOURTH AMENDMENT.

Mr. Jones right to be free from excessive force is clearly

established under the Fourth Amendment.  See Saucier v. Katz,

533 U.S. 194, 201-202, 121 S.Ct. 2151, 2136, 150 L.Ed.2d 272,

281-82 (2001);  Graham v. Connor, 490 U.S. 386, 393-94, 109

S.Ct. 1865 (1989).  There isn't any requirement that a pleading

must validly state a Fourth Amendment violation in order to

sufficiently state a cause under its provisions.  See Fed.R.

Civ.P. 54 (c), which states, in pertinent part:

> "Every final judgment shall grant the relief to which
> the party in whose favor it is rendered is entitled,
> even if the party has not demanded such relief in
> his pleadings"

Fed.R.Civ.P. 54 (c) (emphasis in original).  Jones does not dispute

that his complaint did not specifically rely on the Fourth Amendment

for relief, however, that does not mean that a constitutional

violation under its provisions did not occur when he averred that

he was severely injured by the parties to this complaint.  See

Hodges v. Stanley, 712 F.2d 34, 36 (2d Cir. 1983) (per curiam)

("Complaint...alleging that the use of force was both gratuitous

and excessive, under Glick,..is enough to withstand dismissal").

The officer's in this case are not entitled to qualified immunity in

an assault case.

9.

Here, plaintiff does not attempt to excuse his conduct of having an unlicensed firearm and running from authorities who later identified themselves. However, plaintiff contends that once the officer's got the unlicensed firearm in their possession, he shouldn't have been maced and repeatedly punched in his face, causing severe trauma and pain. Officer Ritter had tackled plaintiff from behind and he was brought to the ground. He then began to punch the plaintiff in his face approximately 10-15 times after the gun was removed. Plaintiff recalls that he was severely kicked, and afterwards sprayed with mace which caused blindness, heated pain and turmoil. Several people had came out of their residences and witnessed the officers beating the plaintiff down with continuous rounds of assaults. Plaintiff did not allege a mere push or shove in this case, anytime you draw blood from a persons face, cuts, swelling, bruises, all while spraying a person with pepper spray cannot be rubbed off as de minus activity. Thus, the Fourth Amendment standard applies in cases where police officer's uses deadly force against a fleeing suspect. Heath v. Henning, 854 F.2d 6 (2d Cir. 1988). The force used against Mr. Jones was

---

1. However, in Rochin v. California, 342 U.S. 165, 96 L.Ed. 183 (1952), the Supreme Court held that the forcible use of a stomach pump by police officers violated the individuals rights under the Due Process Clause. The Court declared that official conduct that "shocks the conscience," force that is "brutal" or "offensive to human dignity," offends the **Due Process Clause.** Id. at 172-74. see also., Johnson v. Glick, 481 F.2d 1028, 1032 (2d Cir. 1973). Therefore, plaintiff's claims are authorized under the Due Process Clause.

10.

excessive that no reasonable officer could have believed in the lawfulness of his actions.

The inquiry is whether the force "used" against Mr. Jones was reasonable, given the fact that his skin and skull was basically swollen beyond recognition. A picture is worth a thousand words, and when plaintiff was soaked in mace all throughout the process, one could only imagine how much pain he suffered on that day. Whether excessive force was used on Mr. Jones and whether the officers are entitled to qualified immunity is a question for the jury under 42 U.S.C. §1983. See Calamia v. New York, 879 F.2d 1025, 1035 (2d Cir. 1989). However, plaintiff's claim is valid where a police officer has used deadly force against a fleeing felony suspect and is tested for its reasonableness under the Fourth Amendment. Tennessee v. Garner, 471 U.S. 1, 85 L.Ed.2d 1, 105 S.Ct. 1694 (1985).

## VIII. THE DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY IN AN EXCESSIVE USE OF FORCE/ASSAULT CASE.

Qualified immunity is a form of legal protection given to government officials. However, qualified immunity is not appropriate because Mr. Jones sufficiently stated in his complaint that his rights were violated, that the right was clearly established, and that defendants were personally responsible for the violation of his rights. Plaintiff did not allege that he was merely slammed to the ground as in Scott, 101 F.3d 748 (D.C. Cir. 1996), and most of defendants cases in this matter does not picture what happened

11.

or what was alleged in the complaint.

The plaintiff did not rush any officer, did not shoot at
any officer as he fled the initial scene, but attempted to
merely run from them to avoid charges of having the unlicensed
firearm. But once officers retrieved the firearm, and the firearm
was in their safe possession, plaintiff knows of no case which
grants qualified immunity to an officer for exceeding his proper
authority. The supervisor was grossly negligent in managing the
defendants he was supposed to supervise and had to learned of the
violation of plaintiff rights, but failed to do anything to
fix the situation. It is the clear policy of the District and
its police department that officer's must take action when fellow
officers break the law. See <u>Gregory v. District of Columbia</u>,
957 F.Supp. 299 (D.C. Cir. 1997) ("District of Columbia Code
§4-176 provides that "any officer using unnecessary and wanton
severity in arresting or imprisoning any person shall be deemed
guilty of assault and battery." Section 4-142 makes it a
misdemeanor for an officer not to make an arrest when a crime is
committed in his presence. D.C. municipal Reg. 207.1 requires that
officer's "use only the minumum amount of force which is consistent
with the accomplishment of his or her mission." Police Department
General Order No. 201.26 (D) (29) requires officer's to immediately
report to their supervisors any violations of Department rules by
fellow officers"). Given all these rules of human decency, somebody
should have questioned why plaintiff needed hospital treatment.

12.

Somebody seen the photographs of plaintiffs facial injuries and should have noticed that his head was severely swollen, but as alleged in the complaint, the unjustified striking, beating and macing of plaintiff constitutes a clear Fourth Amendment violation and the district may be subject to liability under the doctrine of respondeat superior. See District of Columbia v. Evans, 644 A.2d 1008 (D.C. Cir. 1994). see also., District of Columbia v. Peters, 527 A.2d 1269 (1987) ("Fact that decedent assaulted a police officer with a deadly weapon while under the influence of PCP did not excuse the police officer from **using excessive force,** as distinguished from the force reasonably necessary to deal with the situation"). It is a question for the jury to decide whether defendants used excessive force. Peters, 527 A.2d at 1274. Therefore, defendants claim fails as a matter of law and negligence is appropriately found under D.C. Code §4-176.

## VIV. DEFENDANTS PLEADING TO DISMISS SHOULD BE STRICKEN FROM THE RECORD AS DEFECTIVE UNDER RULE 5 (d).

The original of every document filed and required to be served upon parties to a proceeding shall be endorsed with a certificate of service signed by the party making service or by his attorney or representative, stating that such service has been made, the date of service, and the manner of service, whether by mail or personal delivery. The defendants motion to dismiss is defective because it lacks a certificate of service as required. See Fed R.Civ. P. 5 (d). Therefore, it requires stricken from the record

13.

under the pleading requirements, and the claims raised by defendants lacks an appropriate standing in this Court.

In Sum, defendants claims requires an order striking it from the active docket of this court pursuant to Rule 5 (d) for lack of a certificate of service.

X.                          **CONCLUSION**

**WHEREFORE**, for the reasons set forth above, this Court is requested that defendants motion to dismiss be denied and all their claims striken from the active docket.

Respectfully submitted,

*Steven Jones*

Steven Jones, Pro Se
Reg. No. 30306-007
P.O. Box 6000
Glenville, WV  26351

**CERTIFICATE OF SERVICE**

Plaintiff pursuant to Fed.R.Civ.P. 5 hereby certifies that a copy of the foregoing reply to defendants motion to dismiss was served upon counsel for the defendants, via U.S. Mail, for delivery to the following party:

Shana L. Frost (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, D.C. 20001
(202) 727-3625

on this 26 day of November, 2007.

*Steven Jones*

Steven Jones, Plaintiff

14.

## EXHIBIT A

The photograph depicted below shows a
normal face of Plaintiff.

| Last Name | | 08-23-2006 |
| --- | --- | --- |
| JONES | | |
| First Name | | |
| STEVEN | | |
| Middle Name | Suffix | |
| R | | |
| Ht 6' 1" | Wt 147 | |
| Hr BLK | Ey BRO | |
| REG# 30306-007 GIL | | |

30306-007  JONES

FCI GILMER

This photograph shows the deformed facial
features of plaintiff after he was
severely beaten by defendants where his
face was swollen.



DC JAIL

*Similiar Features of the Famed
Rodney King Beating which had
occured in Los Angeles.