### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STEVEN JONES,** ) | |
| ) | |
| **Plaintiff,** ) | **C.A. No. 07-1674 (JR)** |
| ) | |
| **v.** ) | |
| ) | |
| **JAMES RITTER,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

### MEMORANDUM IN REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION OF DISTRICT OF COLUMBIA , MICHAEL BOLAND AND CHARLES RAMSEY'S TO DISMISS PLAINTIFF'S COMPLAINT

Defendants[1] District of Columbia, Officer Michael Boland and Chief Charles Ramsey,[2] hereby reply to Plaintiff's Opposition to their Motion to Dismiss.

### A.  Plaintiff's Claims Against Chief Ramsey Must Be Dismissed

As a preliminary matter, Defendants do not dispute that a plaintiff requires expert testimony to prove a claim of negligent hiring, training or supervision of police officers. Opp. at 3-4.  However, to the extent that Plaintiff claims that Chief Ramsey's failure to train, supervise or control police officers amounted to a violation of Plaintiff's constitutional rights by Chief Ramsey, such a claim must be dismissed as Plaintiff's Complaint alleges "nothing more than the simple assertion that Chief Ramsey violated his duty to train and supervise MPD officers . . . [and] such bald assertions are

---

[1] At the time of filing, service had not been effectuated on the other individual defendants named in this case, police officers James Ritter and Steven Prade.

[2] Plaintiff has incorrectly referred to former Metropolitan Police Department Police Chief Charles Ramsey as "Police Commissioner Patrick Ramsey."

insufficient to sustain a claim under Section 1983." *Harris v. Ramsey,* 496 F. Supp. 2d 64, 67-68 (D.D.C. 2007).

To the extent Plaintiff attempts to assert a common law claim for failure to train, supervise or control, Plaintiff's claim must also be dismissed.  "Potential recovery in tort for negligent hiring or retention of an employee is not based on respondeat superior, but rather on proof of negligence on the part of the employer himself."  *Schechter v. Merchants Home Delivery, Inc.*, 892 A.2d 415, 431 (D.C. 2006), citing *Fleming v. Bonfin*, 80 A.2d 915, 917 (D.C. 1951).  "To establish a cause of action for negligent supervision, a plaintiff must show: that the employer 'knew or should have known its employee behaved in a dangerous or otherwise incompetent manner, and that the employer, armed with that actual or constructive knowledge, failed to adequately supervise the employee.'"  *Phelan v. City of Mt. Ranier*, 805 A.2d 930, 937-38 (D.C. 2002), quoting *Giles v. Shell Oil Corp.*, 487 A.2d 610, 613 (D.C. 1985).  Plaintiff has made no such allegation, thus, his claims against Chief Ramsey must be dismissed.

## B. Plaintiff's Complaint Does Not Set Forth Any Facts to Demonstrate That the Tolling Provision of the Statute of Limitations Should Apply

Plaintiff now claims that the statute of limitations should be tolled pursuant to D.C. Code § 12-302.  "It has long been established in this jurisdiction that in order for the complaining party to toll the running of the statute of limitations on the ground of disability by reason of imprisonment, such party must be in prison."  *Cannon v. District of Columbia*, 569 A.2d 595, 596 (D.C. 1990) (citations omitted).  Moreover, in order for the tolling provision to apply, Plaintiff must have been continuously incarcerated as even release from confinement for just one day will set the statute running, and subsequent imprisonment does not toll the statute again.  *See District of Columbia v. Tinker*, 691

A.2d 57, 64 (D.C. 1997).  In this case, Plaintiff's Complaint is devoid of any indication that he was imprisoned immediately following the November 8, 2005 incident, and remained continuously incarcerated since that time.  Indeed, even Plaintiff's Opposition to Defendants' Motion to Dismiss fails to establish that he was continuously incarcerated from the time of the alleged incident.  Thus, as a matter of law, Plaintiff's Complaint fails to allege sufficient facts to permit Plaintiff to avail himself of the tolling provisions of the statute of limitations and Plaintiff's claims of assault and battery must be dismissed.

### C.  Plaintiff's Claim of Abuse of Process Must Be Dismissed

Plaintiff asserts that he has stated a claim for abuse of process because "he was extorted to commit a crime that he otherwise wouldn't have committed."  Opp. at 5.  Putting aside the fact that simply carrying an unlicensed firearm in the District of Columbia is a crime, and that Plaintiff readily admits to committing this crime, Plaintiff simply misunderstands the tort of abuse of process.  The tort requires that "the legal system '[be] used to accomplish some end which is without the regular purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally and regularly be required to do.'"  *Brown v. Hamilton*, 601 A.2d 1074, 1079 (D.C. 1992), quoting *Morowitz v. Marvel,* 423 A.2d 196, 198 (D.C. 1980).  Here, there is no claim that the officers somehow misused the legal system – which requires the filing of some type of legal claim and the "perversion of the judicial process and achievement of some end not contemplated in the regular prosecution of the charge."  *Morowitz*, 423 A.2d at 198 – to get Plaintiff to assault them with a deadly weapon.  Thus, Plaintiff's claim of abuse of process fails as a matter of law and must be dismissed.

### D.  Plaintiff's Negligence Claims Must Be Dismissed

Defendants do not dispute that Plaintiff is entitled to plead alternative claims for relief.  However, Plaintiff must properly plead each count.  Here, Plaintiff has failed to properly plead any type of negligence claim.

There are two separate theories of recovery in an excessive force case:  (1) assault and battery and/or (2) negligence.  "In the case of assault and battery, a plaintiff can recover for assault by proving 'intentional and unlawful attempt or threat, either by words or acts, to do physical harm to the plaintiff,' and for battery by proving an 'intentional act that causes harmful or offensive bodily contact.'"  *District of Columbia v. Chinn*, 839 A.2d 701, 705 (D.C. 2003), quoting *Holder v. District of Columbia*, 700 A.2d 738, 741 (D.C. 1997).

In a negligence case, however, the Plaintiff must plead an "'applicable standard of care, a deviation from that standard of care by the defendant, and a causal relationship between that deviation and the plaintiff's injury.'"  *Holder*, 700 A.2d at 741, quoting *Etheridge v. District of Columbia*, 635 A.2d 908, 917 (D.C. 1993).  There is, however, no such thing as a negligent battery.  *Chinn*, 839 A.2d at 706, citing 1 Dobbs, Law of Torts § 26 at 51 (2001).  The Court of Appeals in the *Chinn* case recognized that "in certain circumstances the events surrounding the application of excessive force may lend themselves to a theory of negligence as well."  Therefore, "[w]hat is required to justify such an instruction is at least one distinct element, involving an independent breach of a standard of care beyond that of not using excessive force in making an arrest, which may properly be analyzed and considered by the jury on its own terms apart from the intentional tort of battery and the defense of privilege."  *Id.* at 707.

Accordingly, "if, in a case involving the intentional use of force by police officers, a negligence count is to be submitted to a jury, *that negligence must be distinctly pled and based upon at least one factual scenario that presents an aspect of negligence apart from the use of excessive force itself* and violative of a distinct standard of care." *Id.* at 711 (emphasis added).

Plaintiff completely ignores the *Chinn* case in his Opposition and the fact that the District of Columbia Court of Appeals' holding in *Chinn* undermines his negligence theories. Plaintiff claims that the officers used excessive force, and that such use of excessive force violates D.C. Code § 5-123.02. Opp. at 7 ("Negligence in this matter is founded under D.C. Code § 5-123.02."). This is the exact manner in which the plaintiff in *Chinn* tried, and failed, to state a negligence claim:

> Chinn's complaint alleged that the defendants committed negligence by violating D.C. Code § 4-176 [now codified at § 5-123.02] in using "unnecessary and wanton severity while arresting Plaintiff" and they "breached their duty as they were negligent in their excessive use of force" and "knowingly and maliciously acted in manner that would cause injury to Plaintiff's person." These allegations, like those in *Maddox*,[3] *Sabir*,[4] and *Tinker*,[5] neither establish a claim separate and distinct from the alleged battery, nor demonstrate the essential elements of a negligence claim. The allegations do not reflect negligence, but rather an intentional tort with a conclusory allegation of negligence. *See Sabir*, *supra* at 452.

*Id.* Because Plaintiff has not pled any factual scenario that presents an aspect of negligence apart from the use of excessive force, he has not stated a claim under any negligence theory. Therefore, as a matter of law, Plaintiff's claims for negligence and gross negligence must be dismissed.

---

[3] *Maddox v. Bano,* 422 A.2d 908 (D.C. 1983).

[4] *Sabir v. District of Columbia,* 755 A.2d 449 (D.C. 2000).

[5] *District of Columbia v. Tinker,* 691 A.2d 57 (D.C. 1997).

**E.  Plaintiff Has Failed to State a Claim for Violation of the Eighth Amendment**

Plaintiff cites no law in support of his novel proposition that "[t]he eight-amendment [sic] is not limited to mere prison claims of assaults."  Opp. at 8.  Indeed, the one case that Plaintiff does cite in this section of his brief, *Spain v. Procunier,* 600 F.2d 189 (9th Cir. 1979), addresses challenges made by a group of inmates to their conditions of confinement and the practices of prison guards.

In *Ingraham v. Wright,* 430 U.S. 651 (1977), the Court observed that "[i]n the few cases where the Court has had occasion to confront claims that impositions outside the criminal process constituted cruel and unusual punishment, it has had no difficulty finding the Eighth Amendment inapplicable."  *Ingraham,* 430 U.S. at 667-668; *see also Jones v. District of Columbia,* 2002 U.S. Dist. LEXIS 27746 (D.D.C. Sept. 28, 2002). Because Plaintiff was not incarcerated at the time of the alleged incident, Plaintiff has failed, as a matter of law, to state a cognizable Eighth Amendment claim.

**F.  As a Matter of Law, Plaintiff Has Not Stated a Claim for Violation of the Fourth Amendment**

Plaintiff concedes that he has not stated a Fifth Amendment claim.  Plaintiff has also not properly alleged a violation of his Fourth Amendment rights.

First, Plaintiff's facts regarding the officers' actions in apprehending and arresting him do not state a claim that rises to the level of a constitutional violation.  As stated in Defendants' opening brief, Plaintiff assaulted the officers with a deadly weapon, ignored the officer's commands to drop the weapon, and fled on foot carrying his illegal, unlicensed firearm.  Compl. ¶¶ 15-16.  On these admitted facts, the officers use of force –

allegedly using physical force on Plaintiff and subduing him with pepper spray - does not amount to a constitutional violation.  Compl. ¶ 17-18.

Additionally, Plaintiff is incorrect in his assertion that, assuming he has stated a claim for violation of the Fourth Amendment, qualified immunity is not appropriate.  In light of the fact that an officer would be entitled to use deadly force in a situation where an individual points a gun at the officer, as Plaintiff did here, Plaintiff cannot maintain that the officers' actions were not clearly unlawful.  *Anderson v. Creighton,* 483 U.S. 635, 640 (1987).

Moreover, Plaintiff's contentions that the officers used excessive force in violation of the D.C. Code and MPD general orders simply is belied by the fact that Plaintiff, as the plaintiff in *Scott v. District of Columbia,* 101 F.3d 748 (D.C. Cir. 1996), was a fleeing felon in possession of a deadly weapon that he had already used to commit an assault.  In light of Plaintiff's own admissions, the force used by the officers was not clearly unlawful, Officer Boland is entitled to qualified immunity for Plaintiff's constitutional claim against him, and it is appropriate for the Court to decide this issue at this stage of the litigation.  *See Saucier v. Katz,* 533 U.S. 194, 200-201 (2001) (finding that issues of qualified immunity should be resolved at the earliest possible stage of litigation).

### G.  Plaintiff's Arguments Pursuant to Federal Rule of Civil Procedure 5(d) Are Without Merit

For the reasons set forth in Defendants' Opposition to Plaintiff's Motion to Strike, filed this same day, Plaintiff's contention that Defendants' Motion to Dismiss should be denied for failure to comply with Fed. R. Civ. P. 5 is without merit. Accordingly, for the reasons set forth above and in Defendants' Memorandum in Support of their Motion to

Dismiss, the District, Chief Ramsey and Officer Boland request that the Court dismiss this matter and enter judgment in their favor.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


 /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II


 /s/  Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov


## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December, 2007, I caused the foregoing Reply Memorandum to be electronically filed with the Court and to be served on the *pro se* Plaintiff via first class mail, postage prepaid:

Steven Jones
Reg. No. 30306-007
P.O. Box 6000
Glenville, WV 26351


 /s/  Shana L. Frost
Shana L. Frost
Assistant Attorney General