UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN JONES, | ) |
| Plaintiff, | ) C.A. No. 07-1674 (JR) |
| v. | ) |
| JAMES RITTER, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION TO DISMISS**

Defendants[1] District of Columbia, Officer Michael Boland and Chief Charles Ramsey,[2] by and through their undersigned counsel hereby respond to Plaintiff's Motion to Strike Defendants' Motion to Dismiss.

Plaintiff asserts that because there was no certificate of service appended to the Motion to Dismiss that the entire document should be stricken. Plaintiff does not otherwise dispute that the Motion was not properly filed or properly served. Indeed, undersigned counsel mailed a copy of the Motion to Plaintiff the day that the Motion was filed as Plaintiff is *pro se* and incarcerated and not able to use ECF.

Federal Rule of Civil Procedure 7(f) governs motions to strike. This Rule states as follows:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or

---

[1] At this juncture, the other individual defendants named in this case, police officers James Ritter and Steven Prade, have not been served.

[2] Plaintiff has incorrectly referred to former Metropolitan Police Department Police Chief Charles Ramsey as "Police Commissioner Patrick Ramsey."

> upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f). Courts in this jurisdiction have observed that "[a] motion to strike is considered an exceptional remedy and is generally disfavored." *Larouche v. Department of the Treasury,* 2000 U.S. Dist. LEXIS 5078 at * 40 (D.D.C. Mar. 31, 2000). Moreover, the proponent of such a motion carries a "formidable burden." *Judicial Watch v. Department of Commerce,* 224 F.R.D. 261, 264 (D.D.C. 2004).

Plaintiff has not and cannot meet this burden here. As a preliminary matter, Plaintiff's request is procedurally improper because, by its own terms, Fed. R. Civ. P. 12(f) only applies to pleadings. *See Baloch v. Norton,* 2007 U.S. Dist. LEXIS 70718 *3 (D.D.C. Sept. 25, 2007), citing *Sidney-Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1993). Federal Rule of Civil Procedure 7(a) specifically defines pleadings to include a complaint, answer, reply to a counterclaim, answer to a cross claim, third-party complaint and a third-party answer. Fed. R. Civ. P. 7(a); *see also Skull Valley Band of Goshute Indians v. Kempthorne,* 2007 U.S. Dist. LEXIS 21079 (D.D.C. March 26, 2007). Thus, a motion to strike a motion to dismiss is procedurally improper as "[a] motion to dismiss is not a pleading." *Modaressi v. Vedadi,* 441 F. Supp. 2d 51, 54 (D.D.C. 2006) (denying a motion to strike a motion to dismiss).

Even if Plaintiff's Motion were procedurally proper, Plaintiff cannot substantively meet the requirements of Rule 12(f). The Rule expressly states that a Court may order stricken from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiff here simply complains of the lack of a certificate of service, and not that any statement in Defendants'

motion is any way redundant, immaterial, impertinent or scandalous.[3]  Thus, Plaintiff has not and cannot meet his burden, and his Motion to Strike should be denied.

> Respectfully submitted,
>
> LINDA SINGER
> Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General
> Civil Litigation Division
>
>  /s/  Nicole L. Lynch
> NICOLE L. LYNCH (471953)
> Chief, Section II
>
>  /s/  Shana L. Frost
> SHANA L. FROST (458021)
> Assistant Attorney General
> 441 4th Street, NW, 6th Floor South
> Washington, DC 20001
> (202) 724-6534
> Fax:  (202) 727-3625
> shana.frost@dc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of December, 2007, I caused the foregoing Opposition to Plaintiff's Motion to Strike to be electronically filed with the Court and to be served on the *pro se* Plaintiff via first class mail, postage prepaid:

> Steven Jones
> Reg. No. 30306-007
> P.O. Box 6000
> Glenville, WV 26351

>  /s/  Shana L. Frost
> Shana L. Frost
> Assistant Attorney General

---

[3] Local Civil Rule 5.3 states that "[f]ailure to make proof of service does not affect the validity of service."