UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STEVEN JONES, | ) | |
| Plaintiff, | ) | C.A. No. 07-1674 (JR) |
| v. | ) | |
| JAMES RITTER, *et al.*, | ) | |
| Defendants. | ) | |

**OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

Defendants[1] District of Columbia, Officer Michael Boland and Chief Charles Ramsey,[2] by and through their undersigned counsel, hereby oppose the plaintiff's motion for appointment of counsel.

Plaintiff, who admits to pulling an illegal firearm on police officers, *see* Compl. at ¶¶ 15-16, argues in his motion that counsel should be appointed "due to the complex issues present in this case, and because the case will require significant amounts of research and investigation on an expert level." Mot. at 1. Plaintiff further states that he "has very limited knowledge of the law" and therefore counsel is *required* to prosecute his case. *Id.* Finally, Plaintiff states that he is unable to afford counsel on his own. *Id.* Plaintiff offers no law in support of his request for relief.

"No civil litigant is guaranteed counsel." *Kidd v. Howard Univ. Sch. of Law,* 2007 U.S. Dist. LEXIS 45444 *7 (D.D.C. June 25, 2007). Moreover, a litigant's inability

---

[1] At this juncture, the other individual defendants named in this case, police officers James Ritter and Steven Prade, have not been served.

[2] Plaintiff has incorrectly referred to former Metropolitan Police Department Police Chief Charles Ramsey as "Police Commissioner Patrick Ramsey."

to pay for counsel by itself does not warrant court-appointed counsel. *Taylor v. Team Broadcast, LLC,* 2007 U.S. Dist. LEXIS 29581 *14 (D.D.C. April 23, 2007). Rather, "[t]he court is authorized to appoint counsel under 28 U.S.C. § 1915(d) for plaintiffs proceeding *in forma pauperis*, but is not obliged to do so unless the plaintiff demonstrates such exceptional circumstances that denial of counsel would result in fundamental unfairness." *Doyle v. District of Columbia,* 1997 U.S. Dist. LEXIS 15019 *3 (D.D.C. Sept. 12, 1997), citing *Cookish v. Cunningham,* 787 F.2d 1, 2 (1st Cir. 1986); *Martorano v. FBI,* 1991 U.S. Dist. LEXIS 13680 (D.D.C. Sept. 30, 1991).

When considering whether appointment of counsel is appropriate, courts generally consider the factors set forth in LCvR 83.11(b)(3). *Gaviria v. Reynolds,* 476 F.3d 940, 943 (D.C. Cir. 2007). These factors are as follows:

> (i) the nature and complexity of the action;
> (ii) the potential merit of the *pro se* party's claims;
> (iii) the demonstrated inability of the *pro se* party to retain counsel by other means; and
> (iv) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel.

LCvR 83.11(b)(3). Further, "[a]ppointment of counsel calls for exceptional circumstances and is 'wholly unwarranted when [the movant] has not demonstrated any likelihood of success on the merits.'" *Kidd*, 2007 U.S. Dist. LEXIS 45444 at *8, quoting *Nichols v. Mosbacher,* 959 F.2d 1101 [published in full text format at 1992 U.S. App. LEXIS 24045] (D.C. Cir. 1992) (citing D.C. Circuit Handbook of Practice and Internal Procedures 25-26 (2002)).

In this case, Plaintiff has made no showing of exceptional circumstances. Plaintiff alleges that officers used excessive force in effectuating his arrest after Plaintiff admittedly brandished an illegal weapon at the officers when the officers approached

him.  Despite the dubious nature of Plaintiff's claims, Plaintiff has filed an opposition to Defendants' dispositive motion, as well as a motion to strike.  Plaintiff has therefore not shown that he is unable to litigate this case without court-appointed counsel.  Thus, the complexity of this case does not warrant court-appointed counsel.  Nor has Plaintiff shown any attempt to retain counsel by other means.  Finally, and most importantly, as demonstrated by the dispositive motion that has been filed, Plaintiff's claim is without merit and the interests of justice would not be served by appointing counsel for Plaintiff.

Thus, the Defendants request that Plaintiff's Motion for Appointment of Counsel be denied.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


  /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II


     /s/  Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on this 10th day of December, 2007, I caused the foregoing Opposition to Plaintiff's Motion to Appoint Counsel to be electronically filed with the Court and to be served on the *pro se* Plaintiff via first class mail, postage prepaid:

      Steven Jones
      Reg. No. 30306-007
      P.O. Box 6000
      Glenville, WV 26351

                                                    /s/  Shana L. Frost
                                                    Shana L. Frost
                                                    Assistant Attorney General