UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STEVEN JONES, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 07-1674 (JR) |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES RITTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DISTRICT OF COLUMBIA'S SECOND MOTION TO DISMISS**

Defendant District of Columbia ("District"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully requests that the Court dismiss all common law claims against it in this matter. As explained more fully in the accompanying Memorandum of Points and Authorities, Plaintiff has failed to comply with District of Columbia Code § 12-309, and therefore is barred from presenting his common law claims against the District.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


  /s/ Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II


   /s/ Shana L. Frost
SHANA L. FROST (458021)

Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax: (202) 727-3625
shana.frost@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of April, 2008, I caused the foregoing District of Columbia's Second Motion to Dismiss to be electronically filed with the Court and to be served on the *pro se* Plaintiff via first class mail, postage prepaid:

Steven Jones
Reg. No. 30306-007
P.O. Box 6000
Glenville, WV 26351

                                                          /s/ Shana L. Frost_____
                                                         Shana L. Frost
                                                         Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STEVEN JONES, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 07-1674 (JR) |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES RITTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE DISTRICT OF COLUMBIA'S SECOND MOTION TO DISMISS**

Defendant District of Columbia ("District"), respectfully requests that this Court dismiss Plaintiff's common law claims against it. As explained more fully herein, Plaintiff has failed to comply with the notice requirements of District of Columbia Code § 12-309, and thus is procedurally barred from bringing his common law claims against the District.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff contends that on November 8, 2005, he was standing in the 800 block of Taylor Street, NE, when he was approached by MPD Officers Ritter, Prade and Boland. Compl. ¶ 14. Plaintiff alleges that the officers, dressed in plain clothes and exiting an unmarked car, "pursued in the plaintiffs' [sic] direction without any verbal warnings that they were police personnel." *Id.* "Fearing that the officer's [sic] were regular street bandits, the plaintiff retrieved a small .38 caliber handgun from his waist and pointed it at the plain clothed officers who was [sic] unknown at the time." *Id.* ¶ 15.

Plaintiff avers that the officers then identified themselves as police personnel. *Id.* ¶ 16. "The plaintiff knowing that he was in possession of an unlicensed firearm then ran from the officers, ashamed that he was led to commit a crime by pulling the gun out." *Id.* The officers then pursued Plaintiff and apprehended him in the 900 block of Taylor Street. *Id.* ¶¶ 16-17. Plaintiff contends that the officers "beat him ungodly in the street." *Id.* ¶ 17. Plaintiff asserts that Officers Ritter, Boland, and Prade beat and maced him on the street and then brought him to the 5th District police station for processing. *Id.* ¶¶ 18-19.

Plaintiff filed his Complaint on September 21, 2007 against Metropolitan Police Chief Charles Ramsey,[1] and Officers Michael Boland, James Ritter and Steven Prade, asserting claims of violation of the 5th, 8th and 14th Amendments to the Constitution, negligence, assault and battery, abuse of process and gross negligence.

On November 2, 2007, the District of Columbia, Chief Ramsey, and Officer Boland filed a Motion to Dismiss, arguing that (1) Plaintiff failed to state a claim against Chief Ramsey; (2) Plaintiff's claims of assault and battery are barred by the statute of limitations; (3) Plaintiff failed to state a claim for abuse of process; (4) Plaintiff has failed to state a claim for negligence and/or gross negligence; (5) Plaintiff failed to state a claim for violation of the 8th Amendment to the Constitution; (6) Plaintiff failed to state a claim for violation of due process under the 5th Amendment to the Constitution; (7) Plaintiff failed to state a claim for violation of the 14th Amendment to the Constitution; (8) Plaintiff failed to state a claim for violation of the 4th Amendment to the Constitution; and (9) the individual officers are entitled to qualified immunity. Plaintiff filed an Opposition

---

[1] In his pleading, Plaintiff incorrectly identifies Chief Ramsey as "Police Commissioner Patrick Ramsey."

2

to this Motion on November 30, 2007, and the Defendants filed a reply on December 10, 2007. That dispositive motion is currently ripe before the Court.

The United States Marshal's Service recently served a copy of the summons and complaint on Officer Steven Prade at his place of employment, and Officer Prade will be filing a dispositive motion, which joins in the motion previously filed by the Defendants and adds new grounds for dismissal. Officer James Ritter, who is no longer employed by the Metropolitan Police Department, has not been personally served.

After further research, the District has discovered that Plaintiff failed to provide notice to the Mayor as to his intent to pursue a claim for damages, and thus any common law claims Plaintiff has brought are barred by D.C. Code § 12-309. Thus, in addition to the arguments previously raised by the District of Columbia in its initial dispositive motion, Plaintiff's common law claims against the District are procedurally barred.

## II.    STANDARD OF REVIEW

For many years, the oft-cited standard of review in determining the sufficiency of a complaint when faced with a motion to dismiss was that set forth by the Supreme Court in *Conley v. Gibson*: "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957).

However, in the recent Supreme Court case of *Bell Atlantic Corp. v. Twombley,* 127 S. Ct. 1955 (2007), the Court re-examined *Conley*, observing that "*Conley's* 'no set of facts' language has been questioned, criticized, and explained away long enough." *Bell Atlantic*, 127 S. Ct. at 1969. The Court concluded that "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been

3

stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Conley,* then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Id.* (citations omitted).

The Supreme Court in *Bell Atlantic* stated that a statement of grounds on which a complaint rests "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. Rather, the Court now imposes a "plausibility" standard when judging the sufficiency of a complaint in the face of a motion to dismiss. *Id.* In reviewing Plaintiff's Complaint, it is without dispute that proper notice to the Mayor of the District of Columbia was not provided by either Plaintiff within the six-month statutory time period set forth in D.C. Code § 12-309. Thus, Plaintiffs' common law claims against the District of Columbia are barred.[2]

### III. ARGUMENT

Section 12-309 of the District of Columbia Code states, in pertinent part:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

D.C. Code § 12-309.

The requirement of compliance with the time limit specified in § 12-309 is absolute, strict, and unqualified. "Unless it demonstrates compliance with the

---

[2] The issue of the proper characterization of a dispositive motion for failure to comply with D.C. Code § 12-309 was recently addressed by Judge Walton in the case of *Melvin Antonio Candido v. District of Columbia*, 2007 U.S. Dist. LEXIS 45175 (D.D.C. June 22, 2007). In that case, Judge Walton opined that a dispositive motion on § 12-309 grounds should not be brought as a summary judgment motion as "[n]otice-of-claim statutes, like D.C. Code § 12-309, are strictly procedural prerequisites to the filing of a civil action, *see Gwinn v. District of Columbia,* 434 A.2d 1376, 1378 (D.C. 1981) and therefore non-compliance with D.C. Code § 12-309 is subject to a procedural as opposed to a substantive challenge."

4

requirements of § 12-309, a plaintiff's suit against the District is properly dismissed because 'no "right of action" or "entitlement to maintain an action" accrues.'" *District of Columbia v. Arnold & Porter*, 756 A.2d 427, 436 (D.C. 2000); quoting *Campbell v. District of Columbia*, 568 A.2d 1076, 1078 (D.C. 1990); *Gwinn v. District of Columbia*, 434 A.2d 1376, 1378 (D.C. 1981). Moreover, the D.C. Court of Appeals has long-recognized that "because it is in derogation of the common law principle of sovereign immunity, section 12-309 is to be construed narrowly against claimants." *Gross v. District of Columbia*, 734 A.2d 1077, 1081 (D.C. 1999); *see also Doe by Fein v. District of Columbia*, 697 A.2d 23, 29 (D.C. 1997); *District of Columbia v. Dunmore*, 662 A.2d 1356, 1359 (1995).

In order to maintain an action against the District of Columbia, the plaintiff must "within six months after the injury or damage was sustained" give written notice to the Mayor of the District of Columbia of "the approximate time, place, cause and circumstances of the injury or damage." D.C. Code § 12-309. As the District of Columbia Court of Appeals has repeatedly declared, "compliance with the statutory notice requirement is mandatory," and "notice under § 12-309 is a 'condition precedent' to filing a suit against the District." *Gwinn*, 434 A.2d at 1378.

"Under Section 12-309, the six-month clock begins to run from the moment the plaintiff sustains the injury, not from the moment a cause of action accrues." *Dunmore*, 662 A.2d at 1359. Given the purposes of Section 12-309, "any doubt as to the proper timing for the giving of the notice should be resolved in favor of earlier notice." *District of Columbia v. Ross*, 697 A.2d 14, 19 (D.C. 1997). Moreover, a plaintiff's "lack of full

5

awareness of the seriousness of their injury" does not excuse a plaintiff's failure to give notice." *DeKine v. District of Columbia,* 422 A.2d 981, 988 (D.C. 1980).

In this case, Plaintiff has failed to file any notice with the Mayor of the District of Columbia of his potential claims of assault, battery, negligence, or abuse of process. As evidenced by the attached affidavit, the District of Columbia Office of Risk Management has searched their files for the relevant time period and has found no claim letter from the Plaintiff. *See* Ex. 1. Thus, pursuant to the clear and unequivocal language of D.C. Code § 12-309, Plaintiff cannot pursue his common law claims against the District.

## IV.  CONCLUSION

Accordingly, for the reasons set forth above, the District requests that the Court dismiss Plaintiff's common law claims against it.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


   /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II


   /s/  Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**STEVEN JONES,**                   )
                                    )
       **Plaintiff,**         )    C.A. No. 07-1674 (JR)
                                    )
    v.                            )
                                    )
**JAMES RITTER,** *et al.*,         )
                                    )
       **Defendants.**        )
_____ )

### ORDER

Before the Court is the District of Columbia's Second Motion to Dismiss. Upon consideration of the Second Motion to Dismiss, and any response or reply thereto, it is this ___ day of _____, 2008:

**ORDERED** that the District of Columbia's Second Motion to Dismiss be and hereby is **granted;** and it is

**FURTHER ORDERED** that any and all common laws claims brought by Plaintiff against the District of Columbia be and hereby are **dismissed with prejudice.**

                                      _____
                                      James Robertson
                                      United States District Judge

Copies served upon:

Assistant Attorney General Shana Frost
(via ECF)

Steven Jones
Reg. No. 30306-007
P.O. Box 6000
Glenville, WV 26351

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN JONES )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA )<br>)<br>**Defendants.** )<br>_____) | **Civil Action No: 07-1674**<br><br>**Judge: (JR)** |

### AFFIDAVIT OF MIA POWELL LILEY

I, MIA POWELL LILEY, being duly sworn, states that the following is true to the best of my knowledge, information and belief:

1. I am the Manager, Settlements and Judgments for the Tort Liability Division, District of Columbia Office of Risk Management. The Tort Liability Division receives, processes and investigates potential claims against the District of Columbia, pursuant to D.C. Official Code § 12-309 (2001 ed.). The Office of Risk Management commenced to receive potential claims on January 15, 2004.

2. Receipt of written notice of claims against the District of Columbia, are forwarded directly to the Tort Liability Division for processing. When the Tort Liability Division receives notices of claims either from the Mayor's Office or directly, the Tort Liability Division records the receipt of such notice in its claims management system.

3. Claims previously handled by the Claims Unit for the Office of the Attorney General still under investigation as of January 15, 2004, were also transferred to the Office of Risk Management and recorded in its claims management system.

4. I have conducted a diligent search of the records placed in the Risk Management system in the DC Office of Risk Management. The result of this search has revealed that

the Tort Liability Division of the District of Columbia Office of Risk Management has received no claim notice from Steven Jones that refers to the claims described in the complaint in Civil Action No. 07-01674, namely, that on November 8, 2005 the Plaintiff, was assaulted by a group of individuals at or near the 800 block of Taylor Street NW, after he pulled out a .38 caliber handgun on the individuals, who Plaintiff later realized were actually plain-clothes police officers.

_____
MIA POWELL LILEY

DISTRICT OF COLUMBIA, ss:

I, Susana Suarez, a Notary Public in and for the District of Columbia, do hereby certify that MIA POWELL LILEY, whose name is signed to the foregoing affidavit, bearing the date of the 27 day of March, 2008, personally appeared before me and executed the said release, and acknowledged the same to be her act and deed.

Given under my hand and official seal this 27 day of March, 2008.

_____
NOTARY PUBLIC

My Commission Expires: _____

SUSANA SUAREZ
NOTARY PUBLIC OF COLUMBIA
My Commission Expires
August 14, 2010