UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN JONES, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 07-1674 (JR) |
| ) | |
| v. ) | |
| ) | |
| JAMES RITTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### OFFICER STEVEN PRADE'S MOTION TO DISMISS

Metropolitan Police Department ("MPD") Officer Steven Prade, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully requests that the Court dismiss him from this matter.[1] As explained more fully in the accompanying Memorandum of Points and Authorities, Officer Prade joins in the arguments previously asserted by the District of Columbia, Chief Ramsey and Officer Boland in their Motion to Dismiss filed on November 2, 2007. Officer Prade further asserts that as a matter of law, Plaintiff cannot prevail on his assault and battery claims as the officers were privileged in using force to effectuate Plaintiff's arrest as Plaintiff admittedly was armed with a deadly weapon.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General

---

[1] Plaintiff has also sued Officer James Ritter. On information and belief, the United States Marshal's Service attempted to serve Mr. Ritter at the Fifth District Station on February 12, 2008. Mr. Ritter, however, has not been employed by MPD since July 22, 2006. Thus, Mr. Ritter has not properly been served.

Civil Litigation Division


   /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II


   /s/  Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov


**CERTIFICATE OF SERVICE**

     I hereby certify that on this 14th day of April, 2008, I caused the foregoing District of Columbia's Second Motion to Dismiss to be electronically filed with the Court and to be served on the *pro se* Plaintiff via first class mail, postage prepaid:

    Steven Jones
    Reg. No. 30306-007
    P.O. Box 6000
    Glenville, WV 26351

         /s/  Shana L. Frost
        Shana L. Frost
        Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEVEN JONES, | ) |
| Plaintiff, | ) C.A. No. 07-1674 (JR) |
| v. | ) |
| JAMES RITTER, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OFFICER STEVEN PRADE'S MOTION TO DISMISS**

Officer Steven Prade respectfully joins in the Motion to Dismiss filed on November 2, 2007 by the District of Columbia, Chief Ramsey, and Office Boland arguing that arguing that (1) Plaintiff failed to state a claim against Chief Ramsey; (2) Plaintiff's claims of assault and battery are barred by the statute of limitations; (3) Plaintiff failed to state a claim for abuse of process; (4) Plaintiff has failed to state a claim for negligence and/or gross negligence; (5) Plaintiff failed to state a claim for violation of the 8th Amendment to the Constitution; (6) Plaintiff failed to state a claim for violation of due process under the 5th Amendment to the Constitution; (7) Plaintiff failed to state a claim for violation of the 14th Amendment to the Constitution; (8) Plaintiff failed to state a claim for violation of the 4th Amendment to the Constitution; and (9) the individual officers are entitled to qualified immunity. Officer Prade further asserts that, as a matter of law, Plaintiff cannot prevail on his claims of assault and battery as the officers were privileged in using force to effectuate the arrest of as Plaintiff admittedly brandished a gun at the officers. Thus, Officer Prade requests that this Court dismiss this case.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff contends that on November 8, 2005, he was standing in the 800 block of Taylor Street, NE, when he was approached by MPD Officers Ritter, Prade and Boland. Compl. ¶ 14. Plaintiff alleges that the officers, dressed in plain clothes and exiting an unmarked car, "pursued in the plaintiffs' [sic] direction without any verbal warnings that they were police personnel." *Id.* "Fearing that the officer's [sic] were regular street bandits, the plaintiff retrieved a small .38 caliber handgun from his waist and pointed it at the plain clothed officers who was [sic] unknown at the time." *Id.* ¶ 15.

Plaintiff avers that the officers then identified themselves as police personnel. *Id.* ¶ 16. "The plaintiff knowing that he was in possession of an unlicensed firearm then ran from the officers, ashamed that he was led to commit a crime by pulling the gun out." *Id.* The officers then pursued Plaintiff and apprehended him in the 900 block of Taylor Street. *Id.* ¶¶ 16-17. Plaintiff contends that the officers "beat him ungodly in the street." *Id.* ¶ 17. Plaintiff asserts that Officers Ritter, Boland, and Prade beat and maced him on the street and then brought him to the 5th District police station for processing. *Id.* ¶¶ 18-19.

Plaintiff filed his Complaint on September 21, 2007 against Metropolitan Police Chief Charles Ramsey,[1] and Officers Michael Boland, James Ritter and Steven Prade, asserting claims of violation of the 5th, 8th and 14th Amendments to the Constitution, negligence, assault and battery, abuse of process and gross negligence. The District of Columbia, Chief Ramsey, and Officer Boland filed a motion to dismiss this matter. As Officer Prade had not yet been served at the time that motion had been filed, Officer Prade did not participate in the dispositive motion. Officer Prade now joins that motion,

---
[1] In his pleading, Plaintiff incorrectly identifies Chief Ramsey as "Police Commissioner Patrick Ramsey."

2

and further asserts that Plaintiff cannot, as a matter of law, prevail on his claim for assault and battery as the officers were privileged in their use of force to effectuate Plaintiff's arrest as Plaintiff had threatened the officers with a gun.

## II.     STANDARD OF REVIEW

For many years, the oft-cited standard of review in determining the sufficiency of a complaint when faced with a motion to dismiss was that set forth by the Supreme Court in *Conley v. Gibson*: "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  355 U.S. 41, 45-46 (1957).

However, in the recent Supreme Court case of *Bell Atlantic Corp. v. Twombley,* 127 S. Ct. 1955 (2007), the Court re-examined *Conley*, observing that "*Conley's* 'no set of facts' language has been questioned, criticized, and explained away long enough." *Bell Atlantic*, 127 S. Ct. at 1969.  The Court concluded that "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.  *Conley,* then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival."  *Id.* (citations omitted).

The Supreme Court in *Bell Atlantic* stated that a statement of grounds on which a complaint rests "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965.  Rather, the Court now imposes a "plausibility" standard when judging the sufficiency of a complaint in the face of a motion to dismiss. *Id.*

3

### III. ARGUMENT

District of Columbia law defines an assault as "an intentional and unlawful attempt or threat, either by words or by acts, to do physical harm to the victim," and a battery as "an intentional act that causes a harmful or offensive bodily contact." *Etheridge v. District of Columbia,* 635 A.2d 908, 916 (D.C. 1993) (citations omitted). It is well-settled that:

> A police officer has a qualified privilege to use reasonable force to effect an arrest, provided that the means employed are not in excess of those which the actor reasonably believes to be necessary. Moreover, any person, including an officer, is justified in using reasonable force to repel an actual assault, or is he reasonable believes he is in danger of bodily harm. Use of "deadly force," however, is lawful only if the user actually and reasonably believes, at the time such force is used, that he or she (or a third person) is in imminent peril of death or serious bodily harm.

*Etheridge,* 635 A.2d at 916 (internal quotations and citations omitted).

The District of Columbia Court of Appeals has cited *Graham v. Connor,* 490 U.S. 386 (1989) for the proposition that "the reasonableness of a particular force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight . . . .The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving about the amount of force that is necessary in a particular situation." *Etheridge*, 635 A.2d at 916, quoting *Graham*, 490 U.S. at 396-97; *see also Arrington v. United States,* 473 F.3d 329, 335-36 (D.C. Cir. 2006)(applying same standard); *Mazloum v. Metropolitan Police Dept.*, 522 F. Supp. 2d 24, 42 (D.D.C. 2007) ("In *Etheridge*, the D.C. Court of Appeals cited to *Graham v.*

4

*Connor* as informing the privileged use of force analysis for assault and battery claims under District of Columbia common law.").[2]

In this case, Plaintiff contends that he pulled out a handgun and pointed it at the officers, admittedly committing an assault. Compl. ¶ 15. Plaintiff states that when he realized the individuals were police officers, he ran, still holding the gun. Compl. ¶ 16. At this point, Plaintiff was an armed, fleeing felon attempting to elude the police by fleeing the scene with an illegal firearm in his possession. Plaintiff contends that the officers caught him, "brought [him] down to the ground," "immediately retrieved" the gun from Plaintiff, "and then beat him ungodly in the street." Compl. ¶ 17. There is no allegation that Plaintiff was handcuffed when the officers allegedly beat him.

The force used by the officers was reasonable in light of the fact that Plaintiff had already threatened them with a deadly weapon. The force used by the officers to immobilize Plaintiff and ensure that he carried no other weapons was essential to officer safety, particularly as Plaintiff had just threatened the officers with deadly force. Accordingly, as the officers were privileged in using reasonable force to effectuate the arrest of a fleeing felon, Plaintiff's claims of assault and battery should be dismissed.[3]

---

[2] The *Etheridge* Court recognized that the proposition it cited from *Graham v. Connor* is that usually applied in determining questions of qualified immunity from liability in constitutional tort cases brought pursuant to the federal civil rights statute, 42 U.S.C. § 1983. The *Etheridge* Court observed that "the passage from *Graham* quoted in the test reflects a realistic recognition of the perils of police work. The reality of these perils does not turn on the forum in which the plaintiff subsequently seeks redress or on the legal authorities on which he relies." *Etheridge*, 635 A.2d at 916 n.10.

[3] As the arguments set forth *supra* apply equally to the other individual Defendants and therefore any respondeat superior liability of the District of Columbia, should the Court grant Officer Prade's Motion to Dismiss Plaintiff's claims of assault and battery, Defendants respectfully submit that these claims should be dismissed against all Defendants.

**IV.    CONCLUSION**

Accordingly, for the reasons set forth above and in the Motion to Dismiss filed by the District of Columbia, Chief Ramsey and Officer Boland, Officer Prade respectfully requests that the Court dismiss this case with prejudice.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


  /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II


  /s/  Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **STEVEN JONES,** | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 07-1674 (JR) |
| | ) | |
| v. | ) | |
| | ) | |
| **JAMES RITTER,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Officer Steven Prade's Motion to Dismiss. Upon consideration of Officer Prade's Motion, and any response or reply thereto, the Motion to Dismiss filed by the other Defendants to this matter and the entire record herein, it is this

___ day of _____, 2008:

**ORDERED** that the Officer Prade's Motion to Dismiss be and hereby is **granted;** and it is

**FURTHER ORDERED** that this matter be and hereby is **dismissed with prejudice.**

_____
James Robertson
United States District Judge

Copies served upon:

Assistant Attorney General Shana Frost
(via ECF)

Steven Jones
Reg. No. 30306-007
P.O. Box 6000
Glenville, WV 26351