UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| STEVEN JONES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-1674 (JR) |
| JAMES RITTER, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

### MEMORANDUM OPINION

For the reasons discussed below, the Motion of Defendants District of Columbia, Michael Boland and Charles Ramsey to Dismiss Plaintiff's Complaint will be granted in part and denied in part without prejudice.[1] The District of Columbia's Second Motion to Dismiss and the Motion to Dismiss Filed on Behalf of James Ritter will be granted as conceded.[2] Officer Steven Prade's Motion to Dismiss will be denied without prejudice. In addition, the Court will grant plaintiff's motion to appoint counsel.

---

[1] Defendant Prade joins in the arguments set forth in the Motion of Defendants District of Columbia, Michael Boland and Charles Ramsey to Dismiss Plaintiff's Complaint. *See* Officer Steven Prade's Motion to Dismiss at 1.

[2] Defendant Ritter moves to dismiss under Fed. R. Civ. P. 12(b)(5) on the ground that he has not been served properly. *See* Motion to Dismiss Filed on Behalf of James Ritter at 1. In the supporting Memorandum, counsel represents that defendant Ritter has not been employed by the Metropolitan Police Department since July 2006, and therefore could not have been served at the Fifth District station in 2008. *See* Memorandum of Points and Authorities in Support of the Motion to Dismiss Filed on Behalf of James Ritter at 2. Because plaintiff filed no opposition to this motion, the Court will grant it as conceded and will dismiss this defendant without prejudice as a party to this action.

I. BACKGROUND

The incident giving rise to plaintiff's causes of action occurred on November 8, 2005 in and near the 800 block of Taylor Street in Northwest Washington. *See* Compl. ¶¶ 14, 17. According to plaintiff, Metropolitan Police Department officers James Ritter, Steven Prade, and M. Boland, wearing plain clothes, got out of an unmarked vehicle "and pursued in the plaintiff['s] direction without any verbal warnings that they were police personnel." *Id.* ¶ 14. "Fearing that the officer[s] were regular street bandits," plaintiff "retrieved a small .38 caliber handgun . . . and pointed it at the plain clothed officers." *Id.* ¶ 15. When the officers identified themselves as police, "knowing that he was in possession of an unlicensed firearm," plaintiff fled. *Id.* ¶ 16. The officers "brought [plaintiff] down to the ground," retrieved the handgun, "and then beat him ungodly in the street." *Id.* ¶ 17. The officers allegedly dragged plaintiff on the concrete "causing severe burn patters and scaring [sic] to his skin, face, thighs, and he was soaked with mace which flamed the torn skin on his face, causing great pain within the blisters of open flesh." *Id.* ¶ 18. They proceeded to repeatedly punch and kick plaintiff "while he was subdued on the ground in a nonthreatening manner." *Id.* ¶ 19. After he was handcuffed and transported to the Fifth District station for processing, plaintiff was taken to a local hospital "where he was treated for [] injuries and lacerations to his face, arms [and] legs" and "received water for his eyes caused by the mace sprayed on him." *Id.* ¶ 20.

Plaintiff brings this action against the District of Columbia and against officers Ritter, Prade, and Boland in their individual and official capacities under 42 U.S.C. § 1983 for alleged violations of rights protected by the Fifth, Eighth, and Fourteenth Amendments to the United

States Constitution.[3]  Compl. ¶¶ 3, 32.  In addition, plaintiff brings tort claims of negligence, gross negligence, assault, battery, and abuse of process.  *Id.* ¶ 33.  He demands compensatory and punitive damages.  *See id*. at 8.

## II.  DISCUSSION

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants move to dismiss on the ground that the complaint fails to state claims on which relief can be granted.  *See* Memorandum of Points and Authorities in Support of the Motion of Defendants District of Columbia, Michael Boland and Charles Ramsey to Dismiss Plaintiff's Complaint ("Defs.' Mot.") at 3-4, 5-12; Officer Steven Prade's Motion to Dismiss ("Prade Mot.") at 4-6.

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47(1957)).  A motion under Rule 12(b)(6) does not test a plaintiff's likelihood of success on the merits; rather, it tests whether a plaintiff properly has stated a claim.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  The factual allegations of the complaint are presumed to be true and are construed liberally in plaintiff's favor.  *See, e.g., United States v. Phillip Morris,*

---

[3]  Although plaintiff names "Police Commissioner Patrick Ramsey" as a defendant, the Court presumes that plaintiff intends to name Charles Ramsey, former Chief of the Metropolitan Police Department.  Because plaintiff only alleges former Chief Ramsey's responsibility for the training and supervision of officers Ritter, Prade and Boland, the Court concludes that Ramsey is sued in his official capacity only.  The Court treats all claims against Ramsey, as well as all claims against defendants Ritter, Prade and Boland in their official capacities, as if they were brought against the District of Columbia itself.  *See Atchison v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).

*Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2001). Although "detailed factual allegations" are not required to withstand a Rule 12(b)(6) motion, a plaintiff must offer "more than labels and conclusions" or "formulaic recitation of the elements of a cause of action" to provide "grounds" of "entitle[ment] to relief." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1964-65.

The Court liberally construes a *pro se* complaint. "[H]owever inartfully pleaded," it is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, a *pro se* plaintiff is not required to use specific legal terms or phrases, and the Court "will grant [] plaintiff[] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Communications Corp.* 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing *Conley v. Gibson*, 355 U.S. at 45-46). "Nonetheless, a pro se complaint, like any other, must present a claim upon which relief can be granted by the court." *Henthorn v. Dep't of Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994) (quoting *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981)).

### A. Plaintiff's Constitutional Claims[4]

#### 1. Excessive Force

"*[A]ll* claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis in original); *see Tennessee v. Garner*, 471 U.S. 1, 7-22 (1985) (analyzing constitutionality of use of force under Fourth Amendment although complaint alleged

---

[4] Plaintiff's claims under the Fourteenth Amendment to the United States Constitution will be dismissed. The Fourteenth Amendment does not apply to the District of Columbia. *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

violations of both Fourth Amendment and Fifth Amendment's Due Process Clause). Accordingly, to the extent that plaintiff brings this action because defendants Ritter, Prade and Boland "unlawfully beat, maced, and harassed the plaintiff while subdued on the ground," Compl. ¶ 1, the Court construes the complaint as if plaintiff had articulated an excessive force claim under the Fourth Amendment.

Defendants argue that "the officers' actions in apprehending and arresting [plaintiff] do not state a claim that rises to the level of a constitutional violation." Defs.' Mot. at 12. Even if plaintiff had alleged a Fourth Amendment violation, defendants argue that the officers are entitled to qualified immunity. *Id.* Defendants rely on what they deem plaintiff's admissions that he pointed an illegal, unlicensed handgun at the police officers, ignored commands to drop the gun, and fled. *See id.* at 13. In their view, the officers' response to the threat plaintiff presented warranted the use of "some degree of force . . . to subdue" plaintiff. *Id.*

Plaintiff alleges that three MPD officers "beat him ungodly in the street," Compl. ¶ 17, after apprehending, disarming and subduing him. Assuming for purposes of this motion that the allegations of the complaint are true, the Court concludes that plaintiff articulates a violation of rights protected by the Fourth Amendment. At this stage of the proceedings and prior to discovery, it is impossible to determine whether the officers' use of force was reasonable under the circumstances or whether they are protected by qualified immunity.

2. Failure to Train

"[T]he inadequacy of police training may serve as the basis for [Section] 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989);

*see Daskalea v. District of Columbia*, 227 F.3d 433, 441 (D.C. Cir. 2000); *Carter v. District of Columbia*, 795 F.2d 116, 122 (D.C. Cir. 1986). Plaintiff alleges defendant District of Columbia's responsibility for training and supervising personnel under its command, for taking "corrective action with respect to police personnel whose vicious propensities were notorious," and for "implement[ing] meaningful procedures to discourage lawless official conduct." Compl. ¶ 2. Insofar as he alleges the District's failure to "train the officers, correct their abuse of authority, or to discourage their unlawful use of authority," the Court concludes that plaintiff alleges a constitutional claim adequate to survive defendants' motion to dismiss.

The Court will dismiss plaintiff's Fourteenth Amendment claim, and the other constitutional claims may proceed at this time.

### C. Plaintiff's Tort Claims

1. <u>Assault, Battery and Abuse of Process Claims Against the District of Columbia</u>

D.C. Code § 12-309 provides:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

*Id.* Its purpose is "to give the District officials reasonable notice of the [incident] so that the facts may be ascertained and, if possible, deserving claims adjusted and meritless claims resisted." *Pitts v. District of Columbia*, 391 A.2d 803, 807 (D.C. 1978). Compliance with its terms is a mandatory prerequisite to filing a tort claim against the District of Columbia. *See, e.g., District*

6

*of Columbia v. Dunmore*, 662 A.2d 1356, 1359 (D.C. 1995); *Gwinn v. District of Columbia*, 434 A.2d 1376, 1378 (D.C. 1981); *Hill v. District of Columbia*, 345 A.2d 867, 869 (D.C. 1975). Because D.C. Code § 12-309 "constitutes a departure from the common law concept of sovereign immunity," it is "strictly construed." *Gwinn*, 434 A.2d at 1378. A potential litigant, then, must "provide an early warning to District of Columbia officials regarding litigation likely to occur in the future." *Pitts*, 391 A.2d at 807.

The District of Columbia moves to dismiss plaintiff's assault, battery, and abuse of process claims on the ground that plaintiff failed to satisfy the notice requirements of D.C. Code § 12-309. *See* Memorandum of Points and Authorities in Support of the District of Columbia's Second Motion to Dismiss at 4-6. A search of records maintained by the District of Columbia's Office of Risk Management "reveal[] that the [office's] Tort Liability Division . . . has received no claim notice that refers to the claims described in the complaint in Civil Action No. 07-01674, namely, that on November 8, 2005 the Plaintiff[] was assaulted by a group of individuals at or near the 800 block of Taylor Street NW, after he pulled out a .38 caliber handgun on the individuals, who Plaintiff later realized were actually plain-clothes police officers." *Id.*, Liley Aff. ¶ 4.

Plaintiff has been advised of his obligation to respond to the District's Second Motion to Dismiss. Because plaintiff has failed to file a timely opposition or other response to the motion, the Court treats the motion as conceded. *See* LCvR 7(b); *see also Fed. Deposit Ins. Corp. v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997). Accordingly, plaintiff's assault, battery, and abuse of process claims against the District of Columbia will be dismissed.

2. <u>Assault and Battery Claims Against MPD Officers Boland and Prade</u>

Under District of Columbia law, an action for assault or battery may not be brought after the expiration of the one-year period "from the time the right to maintain the action accrues." D.C. Code § 12-301(4). The limitations period is tolled, however, if "a person entitled to maintain an action is, at the time the right of action accrues[,] imprisoned," and that person may "may bring action within the time limited after the disability is removed." D.C. Code § 12-302(a). A prisoner's disability is removed at the instant he is released from custody, at which time the statute of limitations begins to run and continues to run even if the prisoner subsequently is arrested or imprisoned. *See Arnold v. District of Columbia*, 211 F. Supp. 2d 144, 147-49 (D.D.C. 2002); *District of Columbia v. Tinker*, 691 A.2d 57, 64 (D.C. 1997).

Defendants argue that plaintiff's assault and battery claims are barred by the statute of limitations. *See* Defs.' Mot. at 4-5. Because plaintiff did not file the instant complaint within one year of the November 8, 2005 incident, defendants argue that the claims are untimely.[5] *Id.* at 4. According to defendants, the "Complaint is devoid of any indication that [plaintiff] was imprisoned immediately following the November 8, 2005 incident[] and remained continuously incarcerated since that time." Memorandum in Reply to Plaintiff's Opposition to the Motion of District of Columbia, Michael Boland and Charles Ramsey's to Dismiss Plaintiff's Complaint at 3. Plaintiff counters that the statute of limitations was tolled because he has been incarcerated since the November 8, 2005 incident. *See* Pl.'s Opp'n at 4.

---

[5] The Clerk of Court received plaintiff's complaint and application to proceed *in forma pauperis* on August 30, 2007. The Court plaintiff's *in forma pauperis* application on September 14, 2007, and officially filed these documents on the Court's electronic docket on September 21, 2007.

Because defendants are asserting the statute of limitations as an affirmative defense, they bear "the burden of proof unless the claim is barred on its face." *Oparaugo v. Watts*, 884 A.2d 63, 73 (D.C. 2005) (citations omitted). It is not clear on the face of the complaint that plaintiff's assault and battery claims are time barred, and defendants do not show otherwise. Keeping in mind that *pro se* filings are construed liberally, *see Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999), the Court concludes that plaintiff's assertion is adequate to survive defendants' motion to dismiss at this early stage of the proceedings.[6]

2. Abuse of Process

"The essence of the tort of abuse of process is the use of the legal system 'to accomplish some end which is without the regular purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally and regularly be required to do.'" *Scott v. District of Columbia*, 101 F.3d 748, 755 (D.C. Cir.) (quoting *Bown v. Hamilton*, 601 A.2d 1074, 1079 (D.C. 1992)), *cert. denied*, 520 U.S. 1231 (1997). There is no abuse of process when, although a person "acts spitefully, maliciously, or with an ulterior motive in instituting a legal proceeding," the proceeding in question is also used for its intended purpose. *Id.* (citation omitted).

Defendants argue that plaintiff's complaint alleges only physical abuse and "is devoid of any allegation that the Defendants in any way misused the legal process." Defs.' Mot. at 6. Plaintiff counters that "he was extorted to commit a crime he otherwise wouldn't have

---

[6] Additionally, at this early stage of the proceedings, the Court cannot conclude as a matter of law that the police officers' use of force was privileged under the circumstances plaintiff describes in his complaint. Accordingly, the Court will deny without prejudice Officer Steven Prade's Motion to Dismiss.

committed," Pl.'s Opp'n at 5, because the officers "placed him in a passion of fear." *Id.* at 6. He appears to argue that defendants induced him to commit a crime or crimes and in this way "defendants abused the process." *Id.* Plaintiff's argument misapprehends the nature of the abuse of process claim.

Nothing in the complaint or in plaintiff's opposition alleges or suggests that defendants used the legal process "to accomplish an end unintended by law" or "to achieve a result not regularly or legally obtainable." *Morowitz v. Marvel*, 423 A.2d 196, 198 (D.C. 1980). In other words, plaintiff fails to allege "that there has been a perversion of the judicial process and achievement of some end not contemplated in the regular prosecution of the charge." *Id.* (citations omitted).

The Court will grant defendants' motion on this matter and will dismiss plaintiff's abuse of process claim.

### 3. Negligence and Gross Negligence

Plaintiff's theories of negligence and gross negligence are not clear from the complaint. In his opposition to defendants' motion to dismiss, he appears to assert that the physical force (punching, kicking, and spraying mace) employed by the defendant MPD officers itself amounts to negligence. *See* Pl.'s Opp'n at 7. In further support of this argument, plaintiff cites D.C. Code § 5-123.02, which provides that "[a]ny officer who uses unnecessary and wanton severity in arresting or imprisoning any person shall be deemed guilty of assault and battery, and, upon conviction, punished therefor." *Id.*

Generally, to state a negligence claim, a plaintiff must allege "the applicable standard of care, a deviation from that standard of care by the defendant, and a causal relationship between

that deviation and the plaintiff's injury." *Holder v. District of Columbia*, 700 A.2d 738, 741 (D.C. 1997) (quoting *Etheredge v. District of Columbia*, 635 A.2d 908, 917 (D.C. 1993)) (internal quotation marks omitted).  Where, as here, "a negligence claim involves use of excessive force by a police officer, the negligence must be distinctly pled and based upon at least one factual scenario that presents an aspect of negligence apart from the use of excessive force itself and violative of a distinct standard of care." *Tafler v. District of Columbia*, No. 05-1563, 2006 WL 3254491, at *9 (D.D.C. Nov. 8, 2006) (quoting *District of Columbia v. Chinn*, 839 A.2d 701, 705, 711 (D.C. 2003)).  The District of Columbia Court of Appeals instructs that "the proof requirements for assault and battery in cases involving allegations of excessive force by police officers are not the same as those for negligence cases concerning allegations of excessive police force." *Smith v. District of Columbia*, 882 A.2d 778, 787-88 (D.C. 2005).  This is so because, "[f]or assault and battery the inquiry is whether the officer's conduct was reasonably necessary and thereby privileged; and for negligence the inquiry is whether the officer's conduct violated the standard of care of a reasonably prudent police officer." *Id.* at 788 (quoting *Holder*, 700 A.2d at 742) (internal quotation marks omitted).

Moreover, the District of Columbia Court of Appeals notes that a negligence claim cannot be based on  D.C. Code § 5-123.02 alone.  *See Chinn*, 839 A.2d at 712.  "Using the statute, standing alone, as a basis for an alternative negligence count in a setting of a plain battery situation can only lead to obfuscation and confusion.  No rational jury could find no battery by a police officer (that is, no use of excessive force) and yet find 'negligence' on the basis of the statute alone." *Id.*; *see also Austin v. District of Columbia*, No. 05-2219, 2007 WL 1404444, at *6 n.3 (D.D.C. May 11, 2007) (applying *Chinn*'s reasoning to MPD General Orders invoked by

plaintiff because "those Orders, like § 5-123.02, fail to articulate a standard of care 'distinct' from the definition of excessive force itself").

Nowhere does plaintiff allege a negligence or gross negligence claim distinct from the officers' actions giving rise to his assault and battery claims. Accordingly, the Court dismisses the negligence claims. *See, e.g., Cotton v. District of Columbia*, 541 F. Supp. 2d 195, 209 (D.D.C. 2008) (dismissing negligence claims where facts supporting negligence claim are identical to those supporting intentional tort claims).

### III.   CONCLUSION

Surviving defendants' motions to dismiss are the following: (1) an excessive force claim against the District of Columbia, Boland and Prade, and (2) assault and battery claims against Boland and Prade.

The Motion of Defendants District of Columbia, Michael Boland and Charles Ramsey to Dismiss Plaintiff's Complaint will be granted in part and denied in part without prejudice. Plaintiff's Fourteenth Amendment claims will be dismissed, as will all claims against defendant Ramsey in his official and individual capacities and those against defendants Boland and Prade in their official capacities. Plaintiff's abuse of process, negligence and gross negligence claims will be dismissed. Officer Steven Prade's Motion to Dismiss will be denied without prejudice. The District of Columbia's Second Motion to Dismiss plaintiff's assault, battery, and abuse of process claims will be granted as conceded. These claims will be dismissed with prejudice as against the District of Columbia. The Motion to Dismiss Filed on Behalf of James Ritter will be granted as conceded, and he will be dismissed without prejudice as a party defendant in both his

official and individual capacities. Lastly, the Court will grant plaintiff's motion for appointment of counsel.

An Order consistent with this Memorandum Opinion will be issued separately.


                                        JAMES ROBERTSON
                                        United States District Judge